IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC, CLERK GREENVILLE

2025 JUN 20  PM 2: 04

Civil Action No. _____

| | |
|---|---|
| WENDELL COOPER,<br>117 Palm Springs Way<br>Simpsonville, SC 29681<br>Pro Se<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF EDUCATION,<br>400 Maryland Avenue, SW<br>Washington, DC 20202<br><br>Defendant. | COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF UNDER<br>THE FREEDOM OF INFORMATION<br>ACT (FOIA) |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM
OF INFORMATION ACT (FOIA)

INTRODUCTION

Plaintiff Wendell Cooper, proceeding pro se, files this action under the Freedom of Information
Act (FOIA), 5 U.S.C. § 552, seeking declaratory and injunctive relief against the U.S.
Department of Education for failing to produce agency records related to Plaintiff's civil rights
complaint against Greenville County Schools. Despite repeated written requests and legal notice
of violations, the Department has refused to comply with FOIA's statutory deadlines, causing
ongoing harm to Plaintiff's professional reputation and due process rights.

Plaintiff seeks an order compelling the immediate production of documents responsive to his
FOIA request and enjoining the Department from relying on or concluding any final action
concerning the related civil rights complaint while responsive records remain unlawfully
withheld.

Plaintiff also seeks an order tolling any applicable deadlines or administrative resolution periods
that may prejudice his ability to secure employment or defend his civil rights claim, given the
Department's refusal to issue a timely determination or to release critical records.

1

This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because the Plaintiff resides in Simpsonville, South Carolina, within the District of South Carolina.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in the District of South Carolina under 5 U.S.C. § 552(a)(4)(B), because the Plaintiff resides in Simpsonville, South Carolina.

## PARTIES

3. Plaintiff Wendell Cooper is a South Carolina resident and former educator who filed a civil rights complaint against Greenville County Schools. He has sought FOIA access to the agency's case files and communications concerning that investigation.

4. Defendant U.S. Department of Education is a federal agency headquartered in Washington, DC. It is subject to FOIA and is responsible for responding to requests made under the Act.

## FACTUAL BACKGROUND

5. On April 24, 2024, Plaintiff filed a formal civil rights complaint with the U.S. Department of Education, Office for Civil Rights, alleging that Greenville County Schools violated Title IX by failing to initiate the required grievance procedures, retaliating against him for protected activity, and denying him due process protections. That complaint was assigned OCR Case No. 11-24-1824 and remains pending. A copy of the original complaint is attached as Exhibit 1.

6. On April 7, 2025, Plaintiff submitted a FOIA request seeking all records from OCR Case No. 11-24-1824, including investigative materials, emails, and communications relating to the Department's handling of his Title IX complaint. This was confirmed received on April 8, 2025. The Department acknowledged receipt but failed to produce any documents or provide a final determination within 20 business days, as required by FOIA. See Exhibit 2 – April 8, 2025, FOIA Acknowledgment Letter.

7. On April 20, 2025, Plaintiff submitted a follow-up request restating his FOIA claim and asking for status confirmation. This email also reiterated that no responsive documents had been provided. The Department did not respond. See Exhibit 3 – April 20, 2025, Follow-Up Email.

8. On May 3, 2025, Plaintiff contacted the Department again, this time directly addressing the delay and requesting that the case be expedited due to ongoing harm from the unresolved investigation. The agency still failed to issue a final determination. See Exhibit 4 – May 3, 2025, Request for Status and Production.

9. On June 12, 2025, Plaintiff submitted a formal warning email to the Department's FOIA office and general counsel, asserting that the agency had violated FOIA deadlines and demanding production of responsive records. The Department has never issued a proper written determination explaining any reasons for denial or delay. See Exhibit 5 – June 12, 2025, FOIA Compliance Warning Email.

10. On June 17, 2025, Plaintiff sent a clarification email to multiple FOIA officials and the South Carolina Attorney General's Office, confirming that his request was properly filed and did not require further clarification. This message also refuted any claim that delays were caused by ambiguous language. See Exhibit 6 – June 17, 2025, Clarification Email to FOIA Officials.

11. On June 18, 2025, the Department issued a delayed response email confirming receipt of the FOIA request but still failed to provide any explanation for the delay or the status of records. The message offered no estimate for fulfillment and did not cite any lawful basis for withholding the information. See Exhibit 7 – June 18, 2025, Department of Education Response Email.

12. On June 18, 2025, Plaintiff replied to the Department's FOIA office reiterating his objection to the delay and formally demanding compliance with the statutory deadline. See Exhibit 8 – June 18, 2025, Objection to Delay Email.

13. On June 18, 2025, the Department issued a follow-up message from its FOIA Service Center containing a generic disclaimer and directing Plaintiff to the Department's online FOIA status page. No specific record disclosures or final determinations were included. See Exhibit 9 – June 18, 2025, FOIA Email Response from ED FOIA Service Center.

14. On June 18, 2025, Plaintiff re-submitted the original email chain and supporting materials to the FOIA team, copying the Department's legal counsel. The message reiterated the full history of unanswered requests and insisted that no further extensions would be accepted. See Exhibit 10 – June 18, 2025, Final FOIA Email to General Counsel and ED FOIA Team.

15. On June 19, 2025, Plaintiff submitted a final formal message to the FOIA appeals office demanding immediate resolution. This submission included a digital copy of the complaint and attachments for judicial reference.

16. The Department's delay exceeds the statutory 20-business-day response deadline imposed by 5 U.S.C. § 552(a)(6)(A).

17. Plaintiff has exhausted all administrative remedies. No appeal rights have been granted because the Department has never issued a final FOIA determination.

18. The agency's failure to comply with the FOIA statute has deprived Plaintiff of the ability to correct inaccuracies in his employment record and has continued to cause financial and reputational harm.

19. In *CREW v. FEC*, 711 F.3d 180, 183 (D.C. Cir. 2013), the D.C. Circuit emphasized that to trigger exhaustion under FOIA, an agency must provide both a final determination and the reasons for it within the 20-day timeframe. Here, no such determination was issued.

20. In *U.S. Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749 (1989), the Supreme Court reaffirmed the public's right to access agency records under FOIA and emphasized that transparency is essential for government accountability.

CAUSE OF ACTION
Violation of the Freedom of Information Act, 5 U.S.C. § 552

21. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

22. The Department's failure to make a timely determination and to produce requested records constitute a violation of FOIA.

23. The agency's inaction has obstructed Plaintiff's ability to access public information and to defend his professional and legal interests.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that the Defendant U.S. Department of Education violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to make a timely and lawful determination and by unlawfully withholding agency records;

2. Order the Department to immediately release all records responsive to Plaintiff's April 7, 2025, FOIA request regarding OCR Case No. 11-24-1824, including internal emails, investigative documents, and correspondence with third parties;

3. Enjoin the Department from relying on any final action, resolution, or administrative closure concerning OCR Case No. 11-24-1824 until such records are produced and Plaintiff has a reasonable opportunity to review and respond;

4. Stay any further adverse action by the Office for Civil Rights (OCR) regarding Plaintiff's Title IX complaint while this Court retains jurisdiction over the Department's FOIA violations;

5. Order that all applicable deadlines or statutes of limitation be equitably tolled in light of the Department's continuing refusal to issue a proper final determination;

6. Award Plaintiff all legal costs, including any fees authorized under 5 U.S.C. § 552(a)(4)(E);

7. Grant such other and further relief as this Court deems just and proper in the interest of justice and government accountability.

## REQUEST FOR EXPEDITED CONSIDERATION

Plaintiff respectfully requests that this Court grant expedited consideration of this matter, given the urgent and ongoing harm caused by the Department's failure to disclose critical documents necessary to challenge improper agency action. Delay in production of these documents will further prejudice Plaintiff's employment opportunities and undermine the fairness of any final resolution taken by the agency in the underlying civil rights matter.

## CONCLUSION

Since being terminated from his prior teaching assignment with Greenville County Schools in 2023, Plaintiff has been unable to secure employment with other districts due to the unresolved and unexplained status of the Office for Civil Rights investigation. The lack of transparency and the Department's failure to produce relevant records—despite multiple requests and legal obligations—has caused lasting professional and reputational harm.

The Department's refusal to issue a determination or provide access to internal investigative records has prevented Plaintiff from correcting the termination record placed in his employment history. Because school districts often require background checks and explanation of past separations, the lack of clarity surrounding OCR Case No. 11-24-1824 has undermined Plaintiff's efforts to obtain any comparable teaching position.

Plaintiff has exhausted every administrative avenue to obtain this information. The agency's failure to comply with its statutory obligation under FOIA, and its delay in issuing a timely and complete determination, constitute ongoing injury.

Therefore, Plaintiff respectfully asks the Court to take judicial notice of the prolonged harm caused by the Department's inaction, and to issue an order compelling full production of the requested documents. Given the adverse employment consequences that continue to result from the unresolved OCR matter, Plaintiff further requests that the Court expedite review of this case in the interest of justice.

It is undisputed that the school district admitted, in writing, that it did not follow the Title IX grievance process because a formal complaint was never filed. However, as a public institution receiving federal funding, the district was still required to comply with all Title IX grievance procedures. The Office for Civil Rights has previously ruled that a district's failure to implement these procedures constitutes a Title IX violation—even where no formal complaint has been filed. In Plaintiff's case, OCR has ignored this key issue and failed to apply its own precedent. See, e.g., *Chicago Public Schools* (OCR Case No. 05-14-1092) and *Harrison County Schools* (OCR Case No. 03-18-1170).

Plaintiff has now suffered nearly three years of unemployment, financial distress, and reputational damage due to this unresolved matter. The Court's intervention is essential to ensure Plaintiff receives the information he lawfully requested and to prevent further prejudice in future employment opportunities. Plaintiff therefore requests that the Court enjoin the Department from

taking any final action on the underlying OCR complaint until full FOIA compliance has been achieved and that all applicable statutes of limitation be tolled in light of the agency's unlawful delay.

Respectfully submitted,

June 20, 2025

Wendell Cooper
117 Palm Springs Way
Simpsonville, SC 29681
(864) 230-7049
wendelldoncooper@yahoo.com
Plaintiff, Pro Se