IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Wendell Cooper, Plaintiff, | ) | Case No. 6:25-cv-06042-DCC |
| v. | ) | **ORDER** |
| United States Department of Education, Defendant. | ) | |

This matter is before the Court on Plaintiff's motion for summary judgment and Defendant's motion to dismiss or, in the alternative, for summary judgment. ECF Nos. 43, 65. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On July 31, 2026, the Magistrate Judge issued a Report recommending that Plaintiff's motion be denied and Defendant's motion be granted. ECF No. 88. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, Defendant filed a reply, and Plaintiff filed an authorized sur-reply.[1] ECF Nos. 97, 98, 106.

[1] Plaintiff also filed objections at ECF No. 96; however, that document was filed before the Court ruled on his motion for leave to file excess pages. Plaintiff then filed ECF No. 97 in compliance with the Court's order. Accordingly, ECF No. 97 is the document that has been considered as objections in this case.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.[2] Because Plaintiff filed objections, the Court's review of the entirety of the record, the Report, and the applicable law has been de novo. Further, as he is proceeding pro se, Plaintiff's filings have been liberally construed. The Magistrate Judge analyzed

[2] The Magistrate Judge considered the motion as one for summary judgment because he considered documents outside the pleadings in making his recommendations. ECF No. 88 at 5 n.3. The Court likewise considers this as a motion for summary judgment except where specifically stated otherwise.

claims pursuant to the Freedom of Information Act ("FOIA") and the Administrative Procedure Act ("APA").[3]

***FOIA Timeliness Claim***

The Magistrate Judge determined that Plaintiff's FOIA timeliness claim is moot. ECF No. 88 at 6–10. Upon review, the Court agrees that the issuance of a final determination as to Plaintiff's FOIA request and the production of all documents responsive to the request renders this claim moot. *See*, *e.g.*, *Conflict Kinetics, LLC*, 2025 WL 1334052, at *2 ("Because the only failure alleged . . . is Defendant's 'fail[ure] to respond' to Plaintiff's request, and Defendant has now issued a final response, this Court now lacks jurisdiction over that [FOIA claim].") (citation omitted).

***Pattern or Practice FOIA Claim***

The Magistrate Judge likewise recommends dismissal of Plaintiff's pattern or practice claim. ECF No. 88 at 10–12. Upon review the Court agrees that summary judgement is appropriate as to this claim because it is premised on one FOIA request, which was responded to in one response letter and a supplement to the response. There is no allegation or evidence that Defendant's delay was willful, that Defendant has caused

[3] In his objections, Plaintiff takes general issue with the Magistrate Judge's discussion of his claims. ECF No. 97 at 29–32. Plaintiff believes that the Magistrate Judge should have discussed whether his APA claim premised on his Title IX action was included in the amended complaint in light of the liberal construction standard. The Court finds that the Magistrate Judge has accurately stated Plaintiff's claims, as discussed in more detail below and in the Report. Further, the Magistrate Judge correctly stated the liberal construction of pro se pleadings standard, ECF No. 88 at 4–5, and specifically stated that he liberally construed Plaintiff's amended complaint, *id.* at 13.

similar delays in the past, or that Defendant will similarly delay responding to FOIA requests in the future. *See Empower Oversight Whistleblowers & Rsch. v. Nat'l Institutes of Health*, 122 F.4th 92, 101 (4th Cir. 2024) ("To prove [a policy or practice] claim, a plaintiff must demonstrate a 'pattern of prolonged delay amounting to a persistent failure to adhere to FOIA' requirements and that the pattern of delay will interfere with its right under FOIA to promptly obtain non-exempt records from the agency in the future.'" (quoting *Judicial Watch v. DHS*, 895 F.3d 770, 781 (D.C Cir. 2018))).

***APA Claim Based on Untimely FOIA Response***

The Magistrate Judge also recommends dismissal of Plaintiff's APA claim based on Defendant's failure to submit timely responses to the FOIA request and demand for an order compelling Defendant to issue a response. ECF No. 88 at 12–21. Upon review, the Court agrees. *See Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.,* 643 F.3d 1142, 1148 (8th Cir. 2011) ("FOIA specifically bars judicial review of an APA claim where the claimant seeks 'a court order' to produce the same documents under both FOIA and the APA.").

*Scope of APA Allegations*

The Magistrate Judge determined that, even liberally construed, Plaintiff's amended complaint does not allege an APA claim related to the underlying Title IX action between Plaintiff and the United States Department of Education's Office of Civil Rights ("OCR"). He determined instead, that the amended complaint challenged Defendant's delay in responding to Plaintiff's FOIA request. Plaintiff contends that his amended complaint did allege an APA claim concerning the OCR case number 11-24-1824. ECF

No. 97 at 1–3. He specifically points to paragraphs 5, 10, 37, and 38 as well as the conclusion and prayer for relief in the amended complaint. The Court has reviewed the amended complaint and finds that there is no fair construction or inference by which Plaintiff has made an APA claim related to the Title IX investigation itself. The Court further finds that it would be entirely appropriate to end the analysis here. However, out of an abundance of caution for a pro se party, the Magistrate Judge continued to a review of the merits of an APA claim based upon the underlying Title IX proceeding. In light of Plaintiff's request to amend, further discussed below, the Court will do likewise.[4]

*APA Claim Based on Defendant's Delay in Title IX Proceeding*

As explained in more detail by the Magistrate Judge, § 706 of the APA allows a court to compel an agency to perform a discrete action that it is required to take; however, the APA does not provide an independent basis for federal jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). To establish jurisdiction under the APA, a plaintiff

[4] Plaintiff argues that the Magistrate Judge failed to construe the amended complaint as a whole and failed to fully address his request for "an order compelling Defendant to promptly process and resolve Plaintiff's Title IX complaint in compliance with federal law." ECF No. 97 at 10–13. He asserts that his complaint has been left unresolved and that agency review has exceeded a reasonable time. He contends that he is not requesting a formal "final investigative report" but is seeking processing and resolution through any available procedure. Plaintiff states that the Court "should reject the conclusion that Plaintiff's request for an OCR disposition was absent from the Amended Complaint or eliminated by subsequent FOIA production." *Id.* at 13. The Court finds that the Magistrate Judge properly construed the amended complaint. As to Plaintiff's remaining arguments, Plaintiff's allegations have been properly considered as a challenge to the delay in the underlying Title IX proceeding. To the extent Plaintiff makes a request pursuant to the APA for a final decision in the underlying Title IX action, it is denied for lack of jurisdiction as explained herein and by the Magistrate Judge.

must demonstrate that (1) the agency has a non-discretionary duty to act, and (2) the agency unreasonably delayed in acting on that duty. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–65 (2004). "[A]n action that is 'delayed' rather than 'withheld' is not generally a 'final action' that can be addressed under the APA." *South Carolina v. United States*, 907 F.3d 742, 759 (4th Cir. 2018). Further, the existence of adequate alternative remedy forecloses relief under the APA. *See Doe v. United States Dep't of Health & Hum. Servs.*, 85 F.Supp.3d 1, 10–11 (D.D.C. 2015).

Here, there is no specific time-period given for the OCR to complete its investigation and issue a determination with respect to Plaintiff's Title IX proceeding. 34 C.F.R. § 100.7(c) states that "[t]he responsible Department official . . . will make a prompt investigation whenever a . . . complaint . . . indicates a possible failure to comply with this part." As explained by the Magistrate Judge, courts have declined to further define "prompt" with a specific number of days or a formal timeline; here, there is unrefuted evidence in the record that the Plaintiff filed a discrimination complaint on April 15, 2024, and that the OCR commenced an investigation with respect to Plaintiff's Title IX complaint on August 28, 2024, after a failed attempt to mediate Plaintiff's claims. ECF No. 65-1. Thus, Plaintiff has failed to demonstrate that there has been an unreasonable delay in Defendant's performance of its nondiscretionary duty, investigating his Title IX complaint.[5] Significantly, there is no regulation governing the resolution of a Title IX claim, the only

[5] Plaintiff alleges that the Magistrate Judge improperly accepted Defendant's description of the OCR investigation. ECF No. 97 at 5. Upon review, the Court finds that the Magistrate Judge properly evaluated the evidence before him.

requirement for "prompt" action relates to the investigation of such claims.[6] Accordingly, Plaintiff has failed to establish that this Court has jurisdiction over this claim.[7]

Further, and again as explained in substantial detail by the Magistrate Judge, Plaintiff has two alternative remedies. He may complete the administrative proceeding

---

[6] Plaintiff specifically objects to pages 15–18 of the Report finding that the lack of a regulation requiring a precise completion date defeats his request for a written determination or other authorized disposition of Plaintiff's Title IX complaint. ECF No. 97 at 14–15. Plaintiff attempts to distinguish the OCR's legal duty to undertake and continue a prompt investigation from the question of whether that duty has been performed within a reasonable time. Plaintiff states that 34 C.F.R. § 100.7(c) requires a prompt investigation, § 555(b) requires a broader reasonable time, and § 706(1) authorizes review of an unlawfully withheld or unreasonably delayed agency action. These arguments were thoroughly considered by the Magistrate Judge, and the Court agrees with and adopts his reasoning as set forth herein and in more detail in the Report.

[7] Plaintiff states that "the significance of the unresolved OCR proceeding cannot be understood apart from the circumstances that caused Plaintiff to seek federal civil-rights review." ECF No. 97 at 5. He proceeds to explain the circumstances. *Id.* at 5–8. While the Court appreciates Plaintiff taking the time to fully explain his position, these arguments do not alter the outcome of this action. Plaintiff further explains the reasons he initially requested leave to file additional pages; however, he does not request reconsideration of the Court's ruling.

with the OCR or he may file suit against Defendant.[8] Therefore, Plaintiff may not bring a claim for relief pursuant to the APA.[9]

Plaintiff requests clarification as to whether this claim is dismissed pursuant to Rule 12(b)(1) or whether it is subject to summary judgment. ECF No. 97 at 31. The Court agrees that this is unclear in the Report and modifies the Report accordingly. The Court

[8] Plaintiff objects to the Magistrate Judge alternative remedy analysis. ECF No. 97 at 19–21. Plaintiff asserts that the Magistrate Judge improperly concluded that a private action against the school district is an adequate alternative remedy, which forecloses an APA claim. Plaintiff asserts that a private action against the school district addresses the school district's actions but does not adequately address the OCR's regulatory obligations and its failure to properly perform them. Plaintiff asserts that the proposed alternative remedy would not address the correct defendant and would not provide the relief requested in this lawsuit. Plaintiff argues that the cases relied upon by the Magistrate Judge are distinguishable. The Court has reviewed the applicable law and finds that the Magistrate Judge properly determined that Plaintiff has alternative remedies available.

[9] Plaintiff argues that the Magistrate Judge improperly drew inferences against him on page 20 of the Report by concluding that "any prejudice was created by Plaintiff's assumption that the OCR proceeding had to be completed before suit or his preference to possess the OCR's records or final decision before filing." ECF No. 97 at 22; *see id.* at 21–24. He states that this was not a matter of preference but that there was an issue as to whether filing suit could affect the continuation of the administrative proceeding, that the OCR's materials were relevant, and that the OCR's delay contributed to the problem. Plaintiff argues that the Magistrate Judge's determination that he could not establish entitlement to equitable tolling, in part, based on the incomplete record available is in tension with his conclusion that Plaintiff's preferences caused resulting prejudice. As noted by the Magistrate Judge, the issue of equitable tolling is not before the Court. The Court cannot establish whether equitable tolling would apply in a case that has not been filed and is not before the undersigned. Nevertheless, the fact that equitable tolling may not be available to Plaintiff is an insufficient reason to allow his current claim to proceed in light of the relevant caselaw applicable to this action. Moreover, the Magistrate Judge's statement was not an improper inference against Plaintiff but was an accurate statement. As to whether filing suit could affect the continuation of the administrative proceeding, the Magistrate Judge thoroughly addressed that issue.

notes that whether it was considered pursuant to a summary judgment standard or a motion to dismiss standard does not change the outcome. With respect to whether the resolution of this claim is under the summary judgment standard or under a motion to dismiss standard, the Fourth Circuit has instructed,

> In short, when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged. On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts. And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.

*Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Moreover, when resolving a Rule 12(b)(1) motion, a district court is not constrained to considering only allegations in the complaint but may also consider materials outside the pleadings. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). These outside materials can be considered without converting the Rule 12(b)(1) motion into a motion for summary judgment. *Id.*; Fed. R. Civ. P. 12(d).

Accordingly, the Court considers the disposition of this portion of Defendant's motion and this action as pursuant to a motion to dismiss. The Court and the Magistrate Judge considered the declarations attached to Defendant's motion in making the relevant recommendations and decisions; however, that did not convert this matter to a motion for

summary judgment. The Court notes that there are no real disputes of fact with respect to the jurisdictional facts underlying this claim; rather, Plaintiff disagrees with the application of the facts to the law and with the statements of the law. Thus, this claim is dismissed as discussed above.

***Dispute Regarding Proper Standard of Review***

This portion of the Report concerns Plaintiff's argument that the administrative record must be filed and the Court cannot consider the declarations submitted by Defendant as post-hoc rationalizations. ECF No. 88 at 20–24.

As explained in more detail by the Magistrate Judge, Plaintiff's claim is brought pursuant to § 706(1) of the APA, and for these types of claims "there is generally no record to consider because the agency has yet to act. Thus, a party may use affidavits or declarations instead." *Gebremedhin v. Gentry*, C/A No. 1:24-cv-1636, 2025 WL 1139115, at *1 (E.D. Va. Apr. 17, 2025) (citing Fed. R. Civ. P. 56(c)(1)(A)). The Magistrate Judge further distinguishes the cases cited by Plaintiff, which relate to judicial review of agency decisions rather than claims of unreasonable delay. Moreover, the Magistrate Judge concluded that the available administrative record has been produced to Plaintiff through the FOIA process.[10]

[10] Plaintiff argues that the Magistrate Judge improperly relied on the declarations attached to Defendant's motion for summary judgment. ECF No. 97 at 24–25. He asserts that the Magistrate Judge's reliance on the declarations to find that the OCR was actively investigating his complaint overlooks material gaps including: a complete dated chronology, an explanation for substantial periods of inactivity, identification of the present stage or projected completion of the review, or explanation of why the complaint remained unresolved. Plaintiff further asserts that the electronic case file was not necessarily the only evidence available of the OCR's activity in investigating his complaint. Plaintiff

The Magistrate Judge then proceeds to a discussion of the *TRAC* factors.[11] *See Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984). These factors are commonly used to determine whether an agency delay is "unreasonable" within the context of § 706(1). As explained in the Report, the Magistrate Judge determined that the *TRAC* factors are inapplicable in this action.[12] The Court agrees.

---

maintains that there remains a genuine issue of material fact as to whether the OCR's investigation has been complete, continuous, and reasonable. Plaintiff has provided no support for his assertion that the declarations should be discounted because certain information he believes would be helpful has not been included. He has further failed to support his assumption that additional documents are available. Accordingly, the Court finds that the Magistrate Judge properly considered the evidence before him.

[11] The *TRAC* factors are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Monjaraz v. Cuccinelli*, No. 2:19-cv-03052-MBS, 2020 WL 5898989, at *11 n.10 (D.S.C. Oct. 5, 2020) (quoting *TRAC*, 750 F.2d at 80).

[12] Plaintiff contends that the Magistrate Judge failed to apply the "fact-sensitive unreasonable-delay analysis and the *TRAC* factors to the actual record." ECF No. 97 at 15. Plaintiff asserts that the *TRAC* factors are applicable. *Id.* at 16–18. Plaintiff states

Moreover, upon review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge that, even considering the *TRAC* factors, relief is not warranted.[13] Accordingly, Defendant's motion is granted.

---

that he has not alleged delay in the abstract but that he has established that the complaint with the OCR remained unresolved for over one year. Plaintiff states that the Magistrate Judge was required to evaluate task complexity, the significance of affected interests, competing priorities, and agency resources. Plaintiff states that, while Defendants presented evidence, they failed to produce "a complete dated chronology, explain substantial periods of inactivity, identify the present stage or projected completion date, describe assigned resources, identify competing priorities, or explain why the matter remained unresolved." *Id.* at 16–17. He asserts that the Magistrate Judge did not view the evidence presented in the light most favorable to him. Plaintiff asserts that the Magistrate Judge conclusion that he would not decide the reasonableness of the delay was incorrect because the reasons given by the Magistrate Judge for recommending that summary judgment be granted as to this claim were incorrect; accordingly, he was required to conduct a reasonableness review. Plaintiff states that the Magistrate Judge decided the issue based upon his conclusions that the OCR theory was not pled, no enforceable duty existed, and another adequate remedy was available.

The Court has already addressed Plaintiff's arguments regarding evidence he contends must be included and reviewed. As to Plaintiff's arguments that the *TRAC* factors are applicable and that he has established unreasonable delay, the Court disagrees as discussed above. Further, the Court finds that the Magistrate Judge properly considered all evidence in the light most favorable to the non-moving party.

[13] Near the end of his objections, Plaintiff states that he objects to allowing Defendant to file its dispositive motion after the expiration of the relevant deadline and Defendant's introduction of evidence in support of its motion. ECF No. 97 at 30. He asserts that the evidence produced by Defendant was used to alter the scope of the amended complaint. Defendant's motion was timely filed pursuant to the Magistrate Judge's text order allowing it until January 26, 2026, to file any dispositive motion. *See* ECF Nos. 58, 65. To the extent Plaintiff objects to the Magistrate Judge's extension of the dispositive motion deadline, Plaintiff's objection is untimely. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Further, the Magistrate Judge's order was not clearly erroneous; accordingly, any objection would be overruled. With respect to Plaintiff's objection to Defendant's introduction of evidence, there is no basis to exclude properly submitted evidence in support of a dispositive motion. As to Plaintiff's assertion that the

***Plaintiff's Motion for Summary Judgment***

Plaintiff also moved for summary judgment and requested: (1) a declaration that Defendant violated FOIA by failing to make a timely determination and by failing to produce documents responsive to his FOIA request; (2) an order compelling Defendant to immediately issue a determination on the FOIA request; (3) an order compelling Defendant to immediately produce all documents responsive to the FOIA request; (4) an order compelling Defendant to promptly make a final determination regarding the Title IX complaint; (5) an order enjoining Defendant from continuing to withhold documents responsive to the FOIA request and from further delaying action on the Title IX complaint; (6) an order declaring that Plaintiff is entitled to equitable tolling to "all applicable limitations period to prevent [Defendant's] delay and inaction from extinguishing Plaintiff's rights, and specifically toll the statute of limitations until [the OCR] issues a final determination on Plaintiff's Title IX complaint"; and (7) award Plaintiff his costs for litigation under 5 U.S.C. § 552(a)(4)(E). ECF No. 43 at 13–14.

The Magistrate Judge determined that Plaintiff has failed to challenge any specific redaction or withholding pursuant to a FOIA redaction and has further failed to challenge the adequacy of the search described in the declarations submitted by Defendant; accordingly, Plaintiff's motion with respect to claims as to the adequacy of the FOIA response should be denied. The Magistrate Judge further recommended denying the motion as to any APA claim related to the unreasonable delay in the Title IX proceeding

---

evidence produced was used to alter the scope of the amended complaint, there is no support for this allegation.

because this Court lacks jurisdiction over that claim. The Magistrate Judge further recommended finding that any claim related to equitable tolling is not yet ripe for disposition by this Court. In conclusion, the Magistrate Judge recommended denying Plaintiff's motion for summary judgment because (1) the FOIA timeliness claim asserted in the First Cause of Action is moot; (2) the FOIA pattern or practice claim asserted in the Third Cause of Action is subject to summary dismissal; (3) the APA claim asserted in the Second Cause of Action is subject to summary dismissal; and (4) the APA claim based on the Title IX proceeding is subject to dismissal for lack of subject matter jurisdiction.

Upon review and in consideration of the finding made above and by the Magistrate Judge, the Court agrees. Plaintiff's motion for summary judgment is denied.

***Motion to Compel***

The Magistrate Judge denied Plaintiff's motion to compel. In the motion, Plaintiff requested an order compelling Defendant to produce "the administrative record" or certify that such record does not exist. ECF No. 61 at 9. The Magistrate Judge denied the motion on the basis that: production of the administrative record is not required under the APA in this case; the administrative record is not required to decide the legal questions presented in this case; Defendant has produced evidence that it has produced all documents responsive to Plaintiff's FOIA request, which is at least partially coextensive with any administrative record that exists; and Plaintiff has not identified any documents that would be present on any administrative record that has not been produced in response to Plaintiff's FOIA request. ECF No. 88 at 26–27.

Plaintiff argues that the Magistrate Judge failed to address "the narrow certification and record-identification relief Plaintiff actually requested concerning the record of agency activity." ECF No. 97 at 25; *see also id.* at 25–28. Plaintiff states that he is specifically objecting to the denial of the motion to compel. Plaintiff states that, based upon later produced documents by Defendant, it was not speculative to believe that additional materials might exist. Plaintiff asserts that Federal Rule of Civil Procedure 56(d) allows for the factual development necessary to defeat a motion for summary judgment. He contends that he is proceeding pro se and has identified what information is missing from the produced documents and why it matters to the outcome of this action. Plaintiff states that he sought documents related to the chronology, investigative materials, and repositories. He states that he is unable to specifically identify missing documents because they are in Defendant's control but that his identification has been sufficient.

The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. Id. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.

To the extent Plaintiff intends to pursue an argument under Federal Rule of Civil Procedure 56(d), the requested relief is denied. *See Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015) ("To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment, or otherwise affect the court's analysis.") (cleaned up); *Boyle v. Azzari*, 107 F.4th 298, 306 (4th Cir. 2024) (Faber, J., dissenting) ("Rule 56(d) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of unlawful conduct." (quoting *Estate of Rahim v. Doe*, 51 F.4th 402, 411 n.11 (1st Cir. 2022))).

***Motion to Amend***

In his objections, Plaintiff requests leave to amend to the extent that the undersigned finds that his APA claim was not pled in the amended complaint. ECF No. 97 at 33. The Court has determined that Plaintiff did not plead an APA claim; however, because the Court has also considered that claim on the merits, any request to amend the operative complaint would be futile. *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986) (recognizing that, pursuant to Federal Rule of Civil Procedure 15(a), "leave to amend a pleading should be denied only when the amendment would be

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." (construing *Foman v. Davis,* 371 U.S. 178, 182 (1962))). Accordingly, the request is denied.[14]

## CONCLUSION

For the foregoing reasons, the Court agrees with and adopts the recommendation of the Magistrate Judge.[15] Defendant's motion for summary judgment [65] is **GRANTED**, Plaintiff's motion for summary judgment [43] is **DENIED**, Plaintiff's appeal of the Magistrate Judge's ruling on the motion to compel is **DENIED**, and any request for relief pursuant to Rules 15 or 56(d) is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 29, 2026
Spartanburg, South Carolina

[14] Plaintiff's filings are lengthy and can be challenging to interpret. As stated above, the Court has reviewed the entirety of the Report, the record, and the applicable law de novo. Upon such review, any objection not specifically recited herein is overruled.

[15] The Court notes the slight modification of the Magistrate Judge's recommendation to clarify that the jurisdictional issue was decided as a motion to dismiss.